Bruce H. BOYD and Lots 2, 3, 13, and 14, Sunny Hills Terrace Subdivision, Block 3, Fairbanks Recording District, Fourth Judicial District, State of Alaska, Appellant/Cross-Appellee,

v.

Thomas A. ROSSON, d/b/a Rosson & Company, Appellee/Cross-Appellant.

Bruce H. BOYD, and Lots 2, 3, 13, and 14, Sunny Hills Terrace Subdivision, Block 3, Fairbanks Recording District, Fourth Judicial District, State of Alaska, Appellant,

v.

Loyal R. TURLEY, d/b/a Alaskaloyal Enterprises, Appellee.

Nos. S–760, S–775 and S–853.

Supreme Court of Alaska.

Jan. 31, 1986.

---

William R. Satterberg, Jr., Mike Brain, Fairbanks, for appellant/cross-appellee.

James Parrish and Lance Parrish, Fairbanks, for appellee/cross-appellant.

Lyle Carlson, Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

This is a breach of contract case arising from two agreements between Bruce Boyd and a contractor and a painter, respectively. Thomas Rosson, a contractor, and Loyal Turley, a painter and drywaller, separately filed suit against Boyd for failure to pay them for work performed under their respective contracts. The cases were consolidated, and the jury awarded judgments to Rosson and Turley.

### APPEAL

Boyd maintains on appeal that the superior court erred in not allowing Boyd to testify about a conversation he had with Turley during settlement negotiations. Boyd's offers of proof disclosed that he sought to have Turley's statements admitted against Rosson. This testimony would have been inadmissible hearsay, however. The superior court never prevented Boyd's counsel from questioning Turley directly about the conversation. Boyd's contention that the superior court erred in excluding the testimony of the bank officer is also meritless. Boyd failed to establish the relevance of the bank officer's testimony.

Boyd also alleges error in the jury instructions. The jury instructions adequately covered Rosson's duty to perform in a workmanlike manner, a contractor's duty to advise an owner of defective designs, and a contractor's liability for unauthorized changes. Boyd was not entitled to an instruction that would have protected him from any responsibility on the basis of apparent authority.

### CROSS-APPEAL

The superior court awarded Rosson attorney fees of $20,328. In its Conclusions of Law and Judgment, the court explained why it awarded this amount:

Normally, Rule 82 provides for partial compensation only by applying the Rule 82 schedule to the judgment amount. However, the Rule 82 schedule is not an accurate criteria for determining the fee in this case. In fixing partial compensa-

tion, the court considers the nature of the litigation, its length and complexity, the benefits received by the prevailing party and the level of bona fides with which a party has brought his claim.

Boyd claims on appeal that it was an abuse of discretion for the superior court to award $20,328 in attorney fees; Rosson argues on cross-appeal that he is entitled to $27,847.50 in attorney fees. While Boyd's argument is without merit, Rosson's argument requires a remand.

■ Under A.S. 34.35.005(b), Rosson is entitled to reasonable attorney fees for foreclosure of the lien. This means that full fees should be awarded to successful lien claimants so long as the fees are reasonable. It is unclear whether the superior court considered A.S. 34.35.005(b) in determining the attorney fee award. We therefore remand this aspect of the case for determination of the full amount of reasonable attorney fees pursuant to A.S. 34.35.-005(b).

■ Rosson also argues on cross-appeal that because Boyd took possession of the house before the bank performed a final inspection, he was obligated to pay Rosson the full construction contract price. We do not agree. The reason that Boyd moved into the house before final inspection is that Rosson was six weeks late in completing the contract. In contract law, it is a condition of each party's remaining duties to render performances under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time. Restatement (Second) of Contracts § 237 (1979). Boyd's duty not to occupy the house until Rosson completed the work was discharged because Rosson was more than six weeks late under the terms of the contract. Therefore, the superior court did not err in allowing an offset for construction deficiencies.

The judgment of the superior court is affirmed in part and remanded on the issue of attorney fees for further proceedings in accordance with the foregoing.